IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| Plaintiff, | No.1:25-CR-38 |
| vs. | |
| DAVID DRAKE,<br>a/k/a Riley Graham, | |
| Defendant. | |

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTIONS TO DISMISS INDICTMENT

The Defendant, David Drake, is proceeding *pro se* and has filed three *Motions to Dismiss* (Dkt. #65 (Counts 14-15); Dkt. #67 (Counts 7-13) and Dkt. #69 (Second Motion to Dismiss Counts 7-13)), which were referred to the undersigned in accordance with 28 U.S.C. § 636.[1] The undersigned recommends denying Drake's *Motions to Dismiss* as moot for the following reasons.

On June 4, 2025, Drake was indicted for the following:

| Counts | Violation | Allegations |
|---|---|---|
| 1 | 18 U.S.C. § 1349<br><br>(Conspiracy to Commit Bank Fraud and Wire Fraud) | From in or about June 2019, and continuing through in or about October 2024, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendants, David Drake aka Riley Graham and his codefendants, along with others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1344, bank fraud, that is to execute and attempt to execute a scheme and artifice to obtain money, funds, assets, securities, and other property owned by and under the custody and control of an insured financial institution by means of materially false and fraudulent pretenses, representations, and promises and to violate 18 U.S.C. 1343, wire fraud, that is to knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, pictures, |

---

[1] Drake's *pro se* motions are hand-written and barely legible. Some of the arguments raised are indecipherable. Regardless, he lacks standing to seek dismissal on Counts 7-15, and therefore, the merits of his arguments are not discussed in this report.

| | | |
|---|---|---|
| | | and sounds by means of false and fraudulent pretenses, representations, and promises for the purpose of executing such scheme or artifice. |
| 2-6 | 17 U.S.C. §§ 1344 (Bank Fraud) | From in or about July 2019, and continuing up to August 2019, in the Eastern District of Texas and elsewhere, Drake and his codefendants knowingly executed a scheme or artifice to defraud a financial institution, that Drake and his codefendants had the intent to defraud a financial institution, that the scheme or artifice to defraud employed false material representations, and concealed a material fact, and that Drake and his codefendants placed the financial institution at risk of civil liability and financial loss. |

Counts 7-15 of the Indictment charge his codefendants with violations of 18 U.S.C. § 1344 (Wire Fraud). Importantly, Drake is not named in Counts 7-15. Accordingly, he lacks standing to challenge these counts through a *Motion to Dismiss*.[2] The undersigned finds the three *Motions to Dismiss* (Dkt. #65 (Counts 14-15); Dkt. #67 (Counts 7-13) and Dkt. #69 (Second Motion to Dismiss Counts 7-13)) should be DENIED as MOOT.

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within five days (5) days (in light of the impending trial set for January 11, 2021) after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within five (5) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275,

---

[2] Drake also fails to establish how these charges prejudice him (*e.g.*, through spillover prejudice at trial, misjoinder under Federal Rule of Criminal Procedure 8, or improper joinder under Rule 14).

276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of September, 2025.

_____
Zack Hawthorn
United States Magistrate Judge