UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

United States of America,

v.

Riley Graham

Case No: 1:25-CR-0038

Hon. Judge Crone-Hawthorn

# MOTION FOR COURT TO VIEW COUNTS 1-15 OF THE INDICTMENT AS ONE SINGLE COURSE OF CONDUCT CHARGED BY THE GOVERNMENT AS OCCURRING FROM JUNE 2019, CONTINUING UP TO AND INCLUDING OCTOBER 2024.

COMES NOW, Defendant Riley Graham, Appearing pro se, and respectfully moves this Court to "view" Counts 1-15 of the Indictment as one Single Course of Conduct charged by the Government as occurring from June 2019, continuing up to and including October 2024.

In support of this motion, the defendant states:

1. The Defendants were charged in Count 1, with Conspiracy to violate both Title 18 U.S.C. 1344 and 1343, by agreeing with each other and others to violate 18 U.S.C. 1344, bank fraud, by executing and attempting to execute a scheme and artifice to obtain money, funds, assets, securities, and other property owned by and under the custody and control of an insured financial institution by means of materially false and fraudulent pretenses, representations, representations, and promises and to violate Title 18 USC 1343, wire fraud, that is to knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce any writings, signs, signals

(1)

pictures, and sounds by means of false and fraudulent pretenses, representations, and promises for the purpose of executing such scheme or artifice from on or about June 2019, and continuing through in or about October 2024. (Paragraph 22)

2. Count 2, separately charged the defendants with knowingly aiding and abetting Gm and SM to execute a scheme or artifice to defraud a financial institution; that named defendants, had the intent to defraud a financial institution, that the scheme or artifice to defraud employed false material representations, and concealed a material fact, and that the named defendants, placed the financial institution at risk of civil liability and financial loss. (Paragraph 48). This scheme is incorporated by paragraph 57, which express it it is an incorporate into paragraph 57, which reads: from on or about July 2019, and continuing through in or about October 2024, named defendants knowingly devised and intended to devise a scheme or artifice to defraud and unjustly to enrich themselves by obtaining money and property from Gm and SM's credit cards, financial institutions, that the scheme to defraud employed false material representations, pretenses, and promises, that the defendants transmitted and caused to be transmitted by means of wire, radio, and television communications in interstate commerce, any writing, sign, signal, picture, sound for the purpose of executing such scheme and the defendants acted with specific intent to defraud.

3. Paragraphs 48 - 64 charged that the defendants actions in the scheme and artifice is in violation of 18 USC 1344(1) Aiding and Abetting Bank fraud; and 18 USC 1343(1) Aiding and Abetting Wire fraud. The evidence for these paragraphs reveal that each institution is implicated by both Bank and Wire fraud charges.

(2)

4. Paragraphs 68-71 Allege A scheme, However, that scheme is a lesser included offense of paragraphs 45 and 46 of the conspiracy charged in Count 1.

5. The purpose of the conspiracy is the same as the purpose of the scheme or artifice.

6. The OVERT ACTS in the conspiracy charge are Greater offenses of the substantive offenses charged in Count 2-15 because they contain a number of Elements that the substantive offenses do not, while containing all of the elements of each substantive offense.

7. The scheme and artifice described in Counts 2-15 are totally subsumed in to the object of Count 1.

8. A Comparative Analysis between Count 1 and Counts 2-15 As A lesser included offense, particularly in the context of the Supreme Court's test in Blockburger v. United States, 284 U.S. 299, 304 (1932) and the "Elements test" under Fed. Rule Crim. Proc. 31(c), show that Counts 2-15 are in fact lesser included offenses of Count 1.

9. When A Double Jeopardy Analysis Shed light on the issue because Courts may not "prescribe greater punishment than the Legislature intended" Missouri v. Hunter, 459 U.S. 359, 366 (1981), Brown v. Ohio, 432 U.S. 161, 165 (1977). In Accord with principles rooted in common law and Constitutional Jurisprudence. See Ex parte Lang, 18 Wall 163, 168 (1873), we presume that "where two statutory provisions proscribes the "same offense", A "legislature does not intend to impose two punishments for that offense, Whalen v. United States, 445 U.S. 684, 691-692 (1980); Ball v. United States, 470 U.S. 856, 861 (1985).

(3)

10. For nearly 100 years the Supreme Court have determined whether a defendant has been punished twice for the "same offense" by applying the Blockburger test rule set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932) "If the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Ibid. In subsequent applications of the test the Supreme Court have often concluded that two different statutes define the same offense because one is a lesser included offense. See Brown v. Ohio, 432 U.S. 161, 167 (Applying Blockburger test to confirm state courts conclusion that offense of "Joyriding" was a lesser included offense of "Auto theft".

11. In this case it is particularly clear that the conspiracy offense, requires agreement of two or more to execute a scheme or artifice to defraud a financial institution. It is also perfectly clear, that that same element of the conspiracy offense, was used by the Grand Jury to offer an aiding and abetting, allegations that through which the same defendants executed the same scheme or artifice to defraud.

12. Courts have held that when an indictment charges a conspiracy to commit the same offense, charged in a number of substantive counts, each of which itself charges a scheme or artifice which would amount to a conspiracy, conviction on the conspiracy count, followed by a commutative sentence, violates double jeopardy. See Pereira v. United States, 342 US 1; Blue v. United States, 138 F2d 351 (1943).

(4)

13. Where scheme to defraud is shared by two or more it becomes a conspiracy, the rules of evidence is the same as when a conspiracy is charged and the act of each party in furtherance is the act of all. If one intent is to share in the agreement to defraud, he becomes part of the scheme. Robinson v. United States, 33 F.2d 238; Davis v. United States, (5th Cir.) 12 F.3d 253.

14. In this case, Count 1-15 charges a single course of conduct. July 16, 2019 in Count 1, is the same July 16, 2019 in Count 2 and so forth and should be viewed together.

15. By taking the two sets of charges together as a single course-of-conduct, it will be more efficient for the court to make the proper analysis of the issues that will be raised.

For the foregoing reasons, plus those contained in the defendant's forthcoming motion to dismiss, Defendant Riley Graham respectfully request this motion be granted.

December 10, 2025

Respectfully Submitted

/s/
Riley Graham
FCI Beaumont
P.O. Box 26040
Beaumont Texas 77720

(5)

Dear Clerk of the Court:

Please file the enclosed.

Thank you,

Riley Graham

# CERTIFICATE OF SERVICE

I, Riley Graham, hereby certify that a copy of the enclosed motion was mailed to the United States Attorney Ronald P. Morin at the address below, on this 16th day of December 2025.

Ronald P. Morin
Assistant United States Attorney
Eastern District of Texas
550 Fannin St. Ste. 1250
Beaumont, Texas 77701

Riley Graham #54652018
Federal Correctional Institution Beaumont
P.O. Box 26040
Beaumont Texas 77720



HOUSTON TX RPDC
12 DEC 2025 PM 4

Legal mail //

CLERK, U.S. DISTRICT COURT
RECEIVED
DEC 15 2025
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

Clerk of Court
United States District Court
300 Willow Street, Suite 104
Beaumont Texas 77201-2217

77701-225899