IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CAUSE NO. 1:25-CR-38 |
| DAVID DRAKE aka RILEY GRAHAM (1) | § | |

**GOVERNMENT'S RESPONSE TO MOTION TO CONSOLIDATE**

The United States, by and through the United States Attorney for the Eastern District of Texas, files this response to Defendant David Drake aka Riley Graham's Motion for Court to View Counts 1-15 of the Indictment as One Single Course of Conduct Charged by the Government as Occurring from June 2019, continuing up to and including October 2024 ("Motion to Consolidate")[Doc. 83], and would show the Court the following:

## I.
## OVERVIEW

On June 4, 2025, a grand jury returned an indictment that charged Defendant with one count of conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349 (Count 1), and five counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts 2-6). The indictment further charged other defendants with substantive counts for wire fraud (Counts 7-15). In his motion, Defendant asserts that all allegations in the indictment (Counts 1-15) should be viewed as a single, ongoing conspiracy. He contends that prosecution of the charged actions as multiple offenses would violate the Double Jeopardy Clause of the Fifth Amendment to the Constitution. Because the indictment appropriately

charges Defendant with distinct crimes that are "wholly separate" from each other, his motion should be denied.

## II.
## LEGAL STANDARD

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.  The clause provides protection against three categories of prosecution: (1) a second prosecution for the same offense after conviction, (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Rabhan*, 628 F.3d 200, 204 (5th Cir. 2010).

The defendant bears the initial burden of establishing a prima facie claim of double jeopardy. *United States v. Deshaw*, 974 F.2d 667, 670 (5th Cir. 1992). "If the defendant does so, the burden shifts to the government to demonstrate by a preponderance of the evidence that the indictment charges a crime separate from that for which the defendant was previously placed in jeopardy." *Id*.

## III.
## ARGUMENT & AUTHORITIES

Defendant's motion must fail because he cannot make out a prima facie claim of double jeopardy.  To do so, he must show that that the challenged offenses are the "same" for double jeopardy purposes. They are not.

Courts use the "same offense" or *Blockburger* test to assess whether multiple charged "offenses arising out of the same act or transaction are the 'same offense' for double jeopardy purposes." *United States v. Kalish*, 734 F.2d 194, 196 (5th Cir. 1984)

(noting test's application to conspiracy claims).  Under the test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied…is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). A court applying the test must "focus [] on the statutory elements of the offense. If each require proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975); *United States v. Tovar*, 719 F.3d 376, 382-83 (5th Cir. 2013).

The indictment charged the Defendant with conspiracy to commit bank and wire fraud (Count 1), and five substantive counts of bank fraud (Counts 2-6). Defendant essentially argues that these counts all stem from the same course of conduct—with the substantive counts being lesser included offenses of the conspiracy—and, as such, should be charged in a single count. Def. Mot. at ¶¶ 6-11.  However, it is well established that conspiracy to commit a crime "is an offense wholly separate from the crime which is the object of the conspiracy." *United States v. Threadgill*, 172 F.3d 357, 367 (5th Cir. 1999); *see also United States v. Felix*, 503 U.S. 378, 391-92 (1992).  Charging Defendant with conspiracy in addition to separate, substantive counts is permissible under the *Blockburger* test.  *Kalish*, 734 F.2d at 197. Given this, Defendant cannot establish a prima facie claim of double jeopardy and his motion must be denied.[1]

---

[1] In his Motion, Defendant argues that all substantive counts should be viewed as lesser included offenses of the conspiracy claim. As Defendant was not charged in counts 7-15, he does not have standing to challenge these counts. Regardless, as with counts 2-7, these counts also charge distinct crimes.

Government's Response to Motion to Consolidate
Page 3

## IV.
## CONCLUSION

For the reasons outlined above, the United States respectfully requests that the Court deny Defendant David Drake aka Riley Graham's Motion for Court to View Counts 1-15 of the Indictment as One Single Course of Conduct Charged by the Government as Occurring from June 2019, continuing up to and including October 2024 [Doc. 83].

    Respectfully submitted,

    JAY R. COMBS
    UNITED STATES ATTORNEY

    */s/ Reynaldo P. Morin*_____
    Reynaldo P. Morin
    Assistant U.S. Attorney
    Eastern District of Texas
    Texas Bar No. 00789504
    Reynaldo.Morin@usdoj.gov
    */s/ Christopher R. Jackson*_____
    Christopher R. Jackson
    Assistant U.S. Attorney
    Eastern District of Texas
    Texas Bar No. 24078722
    Christopher.Jackson4@usdoj.gov
    550 Fannin St., Suite 1250
    Beaumont, Texas 77701
    Phone: (409) 839-2538

## CERTIFICATE OF SERVICE

    I certify that on January 6, 2026, a true copy of this document was electronically served on all counsel of record through use of the Court's electronic notification system, and mailed, via USPS, to Defendant David Drake aka Riley Graham at:

    David Drake aka Riley Graham
    Federal Correctional Center
    P.O. Box 26040
    Beaumont, Texas 77720

                                                  */s/ Christopher R. Jackson*
                                                  Christopher R. Jackson
                                                  Assistant U.S. Attorney