IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>vs.<br><br><br>DAVID DRAKE,<br>a/k/a Riley Graham,<br><br>    Defendant. | No.1:25-CR-38 |

## REPORT RECOMMENDING DENYING
## PRO SE DEFENDANT'S PRETRIAL MOTION

The Defendant, David Drake, proceeding *pro se,* filed a motion requesting that the court "view" counts 1-15 of the Indictment as "one single course of conduct."[1] (Dkt. #83.) The undersigned construes the Defendant's request as a challenge to the Indictment pursuant to Rule 12(b)(3)(B)(ii), which prohibits "charging the same offense in more than one count (multiplicity)."[2] FED. R. CRIM. P. 12(b)(3)(B)(ii). The Government filed a response in opposition to the request on January 6, 2026.[3] (Dkt. #87.) The motion was referred to the undersigned in accordance with 28 U.S.C. § 636. The Defendant's motion should be denied for the following reasons.

---

[1] Drake's *pro se* motion is hand-written and barely legible. Nevertheless, the undersigned made a good faith effort to interpret and generalize the legal issues raised even though most of Drake's analysis and legal citations are indecipherable.

[2] "Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure lists a number of grounds upon which a defendant can challenge his indictment prior to trial, including that the indictment joins two or more offenses in the same count (duplicity), charges the same offense in more than one count (multiplicity), lacks specificity, or fails to state an offense." *United States v. Bandy*, No. 17-CR-3402 MV, 2021 WL 876980, at *2 (D.N.M. 2021)

[3] The Government's response focuses solely on the Defendant's Double Jeopardy challenge and does not address multiplicity.

## I.     Background

On June 4, 2025, Drake  was indicted for the following:

| Counts | Violation | Allegations |
|---|---|---|
| 1 | 18 U.S.C. § 1349<br><br>(Conspiracy to Commit Bank Fraud and Wire Fraud) | From in or about June 2019, and continuing through in or about October 2024, the exact dates being unknown to the Grand Jury, in the Eastern District of Texas, and elsewhere, the defendants, David Drake aka Riley Graham and his codefendants, along with others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to violate 18 U.S.C. § 1344, bank fraud, that is to execute and attempt to execute a scheme and artifice to obtain money, funds, assets, securities, and other property owned by and under the custody and control of an insured financial institution by means of materially false and fraudulent pretenses, representations, and promises and to violate 18 U.S.C. 1343, wire fraud, that is to knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce any writings, signs, signals, pictures, and sounds by means of false and fraudulent pretenses, representations, and promises for the purpose of executing such scheme or artifice. |
| 2-6 | 17 U.S.C. §§ 1344<br><br>(Bank Fraud) | From in or about July 2019, and continuing up to August 2019, in the Eastern District of Texas and elsewhere, Drake and his codefendants knowingly executed a scheme or artifice to defraud a financial institution, that Drake and his codefendants had the intent to defraud a financial institution, that the scheme or artifice to defraud employed false material representations, and concealed a material fact, and that Drake and his codefendants placed the financial institution at risk of civil liability and financial loss.<br><br>Paragraph 55 alleges that the Defendant and his codefendants caused two victims to individually apply for five separate loans by means of materially false and fraudulent pretenses, representations and promises. These five separate and distinct loan applications form the basis for Counts 2-6. |

Importantly, Drake is not named in Counts 7-15, which charge his codefendants with violations of 18 U.S.C. § 1344 (Wire Fraud).  Accordingly, the Defendant's challenge to Counts 7-15 should be denied for lack of standing.[4]

---

[4] Drake also fails to establish how these charges prejudice him (*e.g.*, through spillover prejudice at trial, misjoinder under Federal Rule of Criminal Procedure 8, or improper joinder under Rule 14).

## II. Double Jeopardy

The Defendant requests to consolidate (or alternatively dismiss) Counts 1-6 because they constitute a single course of conduct and could result in multiple convictions, which violates the Double Jeopardy clause of the Fifth Amendment.[5] However, because this case is in the pretrial stage of prosecution, the undersigned views the Defendant's motion as a challenge to the Indictment as multiplicitous rather than a Double Jeopardy challenge. Although the two concepts are similar, they arise at different stages of prosecution. Multiplicity challenges are raised during pretrial proceedings and focus on the Indictment whereas Double Jeopardy challenges apply during post-conviction or sentencing. However, failure to prove multiplicity at this stage does not foreclose a defendant's Double Jeopardy challenge later. Therefore, the Defendant's Double Jeopardy challenge should be denied, without prejudice, subject to reassertion at sentencing or post-conviction proceedings, if warranted.

## III. Multiplicitous Indictment

Defendant contends that because the charged acts are factually related and part of a common scheme, they are multiplicitous and should be dismissed or consolidated into one count. First, there is no pretrial procedural mechanism to collapse multiple counts based on a "single course of conduct" theory. Defendant's argument appears to conflate charging standards with sentencing principles. The relevance of a "single course of conduct" is considered under the Sentencing Guidelines, particularly with respect to relevant conduct and grouping of offenses.

---

[5] The Double Jeopardy Clause of the Fifth Amendment protects criminal defendants against both successive punishments and prosecutions for the same criminal offense. *See United States v. Dixon*, 509 U.S. 688, 696 (1993) (citation omitted).

*See* U.S.S.G. §§ 1B1.3, 3D1.2.  Accordingly, the Defendant's request to consolidate Counts 1-6 should be denied.

To the extent that the Defendant seeks to dismiss Counts 1-6 on the grounds that they are multiplicitous, that request should also be denied.  An indictment is multiplicitous if it charges the same crime in multiple counts.  *E.g., United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007); *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995).  "The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." *United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir. 1985).  In deciding whether an indictment is multiplicitous, the court determines "whether separate and distinct prohibited acts, made punishable by law, have been committed." *United States v. Shaid*, 730 F.2d 225, 231 (5th Cir. 1984) (quoting *Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964)).

The test for determining whether counts of an indictment are multiplicitous is set forth in *Blockburger v. United States,* 284 U.S. 299 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each [count] requires proof of an additional fact which the other does not." *Id.* 284 U.S. at 304.

Count 1, which alleges a violation of 18 U.S.C. § 1349 (Conspiracy to Commit Bank Fraud and Wire Fraud), requires proof that: (1) two or more persons agreed to commit fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined the agreement with the intent to further the unlawful purpose. *See United States v. Bello*, No. 4:23-CR-136, 2025 WL 85815, at *4 (E.D. Tex. Jan. 13, 2025). In comparison, Counts 2-6, which allege violations of 18 U.S.C. § 1344 (Bank Fraud), require proof that (1) "the defendant

knowingly executed a scheme or artifice"; (2) "the scheme or artifice was to defraud a financial institution"; (3) "the defendant had the intent to defraud the financial institution"; (4) "the scheme or artifice to defraud was material [employed a false material representation][concealed a material fact]"; and (5) "the defendant placed the financial institution at risk of civil liability or financial loss." 5th Cir. Pattern Jury Instr. (Crim.) § 2.58A (2024); *United States v. Ryan*, 156 F.4th 583, 592 (5th Cir. 2025).

The conspiracy charge in Count 1 requires proof of an *agreement between two or more people*, whereas Counts 2-6 do not have that requirement. Therefore, Count 1 does not charge the same crimes as alleged in Counts 2-6, and is therefore not multiplicitous. Moreover, Counts 2-6 are differentiated by independent acts (new loan applications), victims, banks, and dollar amounts. Because "each count of bank fraud in the Indictment concerns a distinct loan package or disbursement of funds," "[e]ach loan package imposed a 'new obligation' on [d]efendants to be truthful," and "created a new, independent risk for the" bank, the undersigned concludes that Counts 2-6 are not multiplicitous. *See United States v. Ryan*, 580 F. Supp. 3d 359, 368-9 (E.D. La. 2022), *aff'd*, 156 F.4th 583 (5th Cir. 2025) (determining that separate loans made to various borrowers on multiple dates are not part of a "single, integrally related act, closely planned and carried out in connection with" one another, and therefore not multiplicitous.) Accordingly, the Defendant does not demonstrate—nor does the face of the Indictment suggest—that Counts 2-6 charge the same offense under the applicable unit of prosecution. His challenge to Counts 1-6 as multiplicitous therefore fails.

## IV. Recommendation

The Defendant lacks standing to challenge Counts 7-15 because he is not a named defendant. Therefore, any challenge to Counts 7-15 should be denied for lack of standing.

The court should deny the Defendant's Double Jeopardy challenge without prejudice as moot, subject to reassertion at post-conviction and/or sentencing proceedings, if warranted.

The court should also deny the Defendant's motion to dismiss, or in the alternative consolidate, Counts 1-6 as multiplicitous. Counts 1-6 allege separate and distinct acts, each requiring proof of facts not required by the others.

## V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of January, 2026.

_____
Zack Hawthorn
United States Magistrate Judge