IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br><br><br>DAVID DRAKE,<br>a/k/a Riley Graham,<br><br>       Defendant. | NO. 1:25-CR-38 |

## REPORT RECOMMENDING DENYING DEFENDANT'S MOTIONS

*Pro se* Defendant, David Drake a/k/a Riley Graham, filed multiple handwritten motions seeking dismissal of the charges and other relief based on alleged constitutional violations and purported defects in the charging documents. The motions were referred to the undersigned pursuant to 28 U.S.C. § 636. Despite the difficulty in deciphering Defendant's submissions, the undersigned has made a good-faith effort to construe the filings liberally and identify the issues presented. Pending before the court are:

> "Motion for Court to View Counts 1-15 of the Indictment as One Single Course of Conduct Charged by the Government as Occurring From June 2019, Continuing Up to and Including 2024" (Dkt. #83)[1];
>
> "NOTICE of Declaration of Fraud and MOTION for the Court Not to Bring Defendant to Court to Review Fraudulent Discovery" (Dkt. #127);
>
> "NOTICE of Interrogatories and MOTION for Government to Respond to Interrogatories" (Dkt. #129);

---

[1] This motion challenges the Original Indictment, which was superseded on February 5, 2026. Dkt. #119. The undersigned previously recommended that the motion be denied, but the report has not been adopted. Now that a Superseding Indictment has been filed, the Defendant's motion and the undersigned's report are moot. Therefore, the undersigned withdraws the prior report (Dkt. #94) and recommends denying Defendant's original motion (Dkt. #83) as moot in light of the Superseding Indictment.

"MOTION to Dismiss" (Dkt. #141);

"DECLARATION Regarding Indictment and MOTION to Dismiss" (Dkt. #149);

and

"Motion for Bond Hearing and Motion for Return to FCI Oakdale and Permission to Re-Open Communication with Co-Defendant Brooke Crawford" (Dkt. #164).

Defendant's motions are disorganized, largely illegible, and unsupported by legal authority. The undersigned finds that none of the motions establish a viable basis for relief and recommends denying them for the following reasons.[2]

## I.    Motions to Dismiss Superseding Indictment

Defendant's challenges to the Superseding Indictment lack clarity. Seemingly, he argues that the Government failed to allege certain elements of each individual offense and that the underlying charges are supported by fraudulent evidence. As an initial matter, Defendant is not named in Counts 7-15 (charging codefendants with violations of 18 U.S.C. § 1344 (Wire Fraud)) or Count 19 (charging codefendants with violations of 18 U.S.C. §§ 1957 and 2 (Money Laundering)). Accordingly, Defendant's challenge to Counts 7-15 and 19 should be denied for lack of standing.[3]

### A.    Validity of Indictment

Federal Rule of Criminal Procedure 7(c) governs the sufficiency of a criminal indictment. An indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged. *United States v. Bearden*, 423 F.2d 805, 810 (5th Cir. 1970). An indictment is legally sufficient if (1) each count contains the essential elements of

---

[2] Document No. 164 should be denied in part. Defendant's request for a detention hearing, raised in Dkt. #164 *inter alia*, is granted by separate court order.

[3] Defendant also fails to establish how these charges prejudice him (*e.g.*, through spillover prejudice at trial, misjoinder under Federal Rule of Criminal Procedure 8, or improper joinder under Rule 14).

the offense charged, (2) the elements are described with particularity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense. *United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018). Under Fifth Circuit precedent, "ordinarily, the pleading of the allegations in the terms of the statute is sufficient to fulfill this dual requirement" of avoiding double jeopardy and providing sufficient notice. *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978). At the motion to dismiss stage, the reviewing court must take all allegations in the indictment as true. *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Evans*, No. 3:21-CR-2-CWR-FKB-2, 2021 WL 4099018, at *1 (S.D. Miss. 2021).

To the extent that Defendant asserts the Superseding Indictment fails to state multiple offenses and/or that the court lacks jurisdiction, he identifies no specific defect and provides no supporting legal authority. The court must accept the allegations pleaded in the indictment as true and Defendant's bare assertions do not overcome the presumption of validity afforded to an indictment returned by a grand jury. *See generally*, *United States v. Kay*, 359 F.3d 738, 756 (5th Cir. 2004).

      B.      <u>Government's Alleged Misuse of Conspiracy or "Continuing Offense Theory"</u>

To the extent that the Defendant seeks to dismiss any counts on the grounds that they are multiplicitous, that request should also be denied. An indictment is multiplicitous if it charges the same crime in multiple counts. *E.g., United States v. Planck*, 493 F.3d 501, 503 (5th Cir. 2007); *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995). "The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." *United States v. Swaim*, 757 F.2d 1530, 1537 (5th Cir. 1985). In deciding whether an indictment is multiplicitous, the court determines "whether separate and

distinct prohibited acts, made punishable by law, have been committed." *United States v. Shaid*, 730 F.2d 225, 231 (5th Cir. 1984) (quoting *Bins v. United States*, 331 F.2d 390, 393 (5th Cir. 1964)).

The test for determining whether counts of an indictment are multiplicitous is set forth in *Blockburger v. United States,* 284 U.S. 299 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each [count] requires proof of an additional fact which the other does not." *Id.* 284 U.S. at 304. Count 1, which alleges a violation of 18 U.S.C. § 1349 (Conspiracy to Commit Bank Fraud and Wire Fraud), requires proof that: (1) two or more persons agreed to commit fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined the agreement with the intent to further the unlawful purpose. *See United States v. Bello*, No. 4:23-CR-136, 2025 WL 85815, at *4 (E.D. Tex. Jan. 13, 2025). In comparison, Counts 2-6, which allege violations of 18 U.S.C. § 1344 (Bank Fraud), require proof that (1) "the defendant knowingly executed a scheme or artifice"; (2) "the scheme or artifice was to defraud a financial institution"; (3) "the defendant had the intent to defraud the financial institution"; (4) "the scheme or artifice to defraud was material [employed a false material representation][concealed a material fact]"; and (5) "the defendant placed the financial institution at risk of civil liability or financial loss." 5th Cir. Pattern Jury Instr. (Crim.) § 2.58A (2024); *United States v. Ryan*, 156 F.4th 583, 592 (5th Cir. 2025).

The conspiracy charge in Count 1 requires proof of an *agreement between two or more people*, whereas Counts 2-6 do not have that requirement. Therefore, Count 1 does not charge the same crimes as alleged in Counts 2-6, and is therefore not multiplicitous. Moreover, Counts 2-6 are differentiated by independent acts (new loan applications), victims, banks, and dollar

4

amounts.  Because "each count of bank fraud in the Indictment concerns a distinct loan package or disbursement of funds," "[e]ach loan package imposed a 'new obligation' on [d]efendants to be truthful," and "created a new, independent risk for the" bank, the undersigned concludes that Counts 2-6 are not multiplicitous.  *See United States v. Ryan*, 580 F. Supp. 3d 359, 368-9 (E.D. La. 2022), *aff'd*, 156 F.4th 583 (5th Cir. 2025) (determining that separate loans made to various borrowers on multiple dates are not part of a "single, integrally related act, closely planned and carried out in connection with" one another, and therefore not multiplicitous).  Accordingly, the Defendant does not demonstrate—nor does the face of the Superseding Indictment suggest—that Counts 2-6 charge the same offense under the applicable unit of prosecution.[4]  Defendant's challenge to any Counts of the Superseding Indictment as multiplicitous therefore fails.

       C.       Government's Alleged Misconduct

Defendant repeatedly characterized the Government's actions as "fraudulent" and resulting in false imprisonment. However, these are mere conclusory accusations that are not supported by any facts and lack adequate grounds for dismissal of the Superseding Indictment.

## II.      Motion to Avoid Court Appearances

The undersigned liberally construes this request to allow Defendant to litigate the matter through filings and discovery and not appear in court.  With respect to court appearances, a criminal defendant is generally required to be present at critical stages of the proceedings. *See* Fed. R. Crim. P. 43.  A defendant may not unilaterally elect to avoid appearing in court absent a valid legal basis, which is not asserted here.  His request should be denied.

---

[4]  Moreover, there is no pretrial procedural mechanism to collapse multiple counts based on a "single course of conduct" theory.  Defendant's argument appears to conflate charging standards with sentencing principles. The relevance of a "single course of conduct" is considered under the Sentencing Guidelines, particularly with respect to relevant conduct and grouping of offenses. *See* U.S.S.G. §§ 1B1.3, 3D1.2.

### III.  Motion for Government to Respond to Interrogatories

Defendant's request to propound and compel interrogatories from the Government is likewise not cognizable.   The Federal Rules of Criminal Procedure do not authorize interrogatories, and criminal discovery is limited by Rule 16 and the Government's obligations under *Brady v. Maryland,* 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 405 U.S. 150 (1972); and the Jencks Act, 18 U.S.C. § 3500; *see also United States v. Armstrong*, 517 U.S. 456, 462 (1996) (Rule 16 defines the scope of criminal discovery).  Accordingly, Defendant's request should be denied.

### IV. Motion for Communication with Co-Defendant and Transfer

Defendant asks the court to permit communication with co-defendant Brooke Crawford for reasons that he claims "will be clear as to the legitimacy of the defendant[']s request," but does not advance any argument or factual basis to support his request.  Dkt. #164.  His request should be denied.   Any such communication must occur only upon notice to, and with the consent of, Ms. Crawford's counsel. *See* Tex. Disciplinary R. Prof'l Conduct 4.02(a) ("In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."); *United States v. McCurdy*, No. 1:24-CR-184-1, 2026 WL 352868, at *2 (N.D. Ohio Feb. 9, 2026) (applying state Rules of Professional Conduct to deny *pro se* criminal defendant's request to communicate with co-defendant absent approval from co-defendant's counsel).

Defendant requests transfer to a different Bureau of Prisons facility.  However, decisions regarding the designation and placement of inmates are committed to the discretion of the

Bureau of Prisons, not the court. *See* 18 U.S.C. § 3621(b). Accordingly, the undersigned recommends denying the request.

## V.  Recommendation

Even affording Defendant's motions a liberal construction, the undersigned cannot discern any viable legal claim or factual basis that would justify dismissal of the Superseding Indictment or any other relief.[5] Accordingly, the undersigned recommends that all pending *pro se* motions be denied (Dkt. #83 (denied as moot), 127, 129, 141, 149, and 164 (denied in part)).

Defendant has repeatedly filed motions raising arguments that the court has already considered and rejected. Repetitive motions that reassert previously rejected arguments waste judicial resources and will not receive further consideration. Defendant is cautioned that continued submission of duplicative or frivolous motions may result in the imposition of filing restrictions, including a requirement that he obtain leave of court before filing additional motions raising arguments previously presented and resolved, absent new facts or a material change in circumstances.

## VI.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and

---

[5] This recommendation excludes Defendant's request for a detention hearing, which is granted by separate court order.

recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of April, 2026.

_____
Zack Hawthorn
United States Magistrate Judge