United States District Court
Eastern District of Texas
Beaumont, Beaumont

United States of America | CASE No: 1:25-CR-0038
v. | Hon: Judge Crone-Hawthorn
Riley Graham |

NOTICE REGarding Count I, not Containing Any Element of A title 18 U.S.C. 1349 Violation and Court's Error mistakenly being misled by the Government's Analogy and believing that Counts 2-16 Charge Violations of title 18 U.S.C. 1344 and 1343, when those Counts in fact and law Charge A non-Existent offense.

Defendant Riley Graham respectfully submits this notice to the Court to preserve the record and advise that the Indictment returned in this matter was based upon fraudulent Government Conduct, inconsistent with Due Process and returned without stating any violation of federal law.

Specifically, Count I of the Indictment Allege Conspiracy to Commit Bank and Wire fraud under title 18 U.S.C. 1349 and that Statute has only Jurisdiction for one (1) substantive offense; one (1) Conspiracy to Commit that substantive offense and one (1) object, that is the substantive offense Committed.

The model used in 18 U.S.C. 1349, was intentionally Created by Congress to function in this manner. To that end, Title 18 U.S.C. 1349 requires proof that the defendants Conspired to Commit A specific substantive offense; that that substantive offense "was" the object of the Conspiracy; that the Conspirators are subject

To the same penalties as those prescribed for that substantive substantive offense; and that the substantive offense be committed.

The statute makes it a crime to "attempt or conspire" 18 U.S.C. 1349. A defendant violates this statute when (1) the defendant attempts or conspires (2) to commit any (3) offense under Chapter 63 (4) shall be subject to the same penalties (5) as those prescribed for the offense, (6) the commission of which, (7) was the object of the attempt or conspiracy.

This case concerns each of those seven (7) elements. By its terms, 1349 as well as the definition of the offenses under Chapter 63, the fifth and sixth amendment and the lower courts interpretation of the elements and unit-of-prosecution of the substantive offenses under Chapter 63, restrict each violation to a single substantive offense; single object, for conspiracy to commit that offense.

In comparisone, the elements that the Government used to return Count I are: (1) two or more persons agreed to commit fraud; (2) the defendant knew the unlawful purpose of the agreement; and (3) the defendant joined the agreement with intent to further the unlawful purpose. See United States v. Bello, No: 4:23-CR-136, 2025 WL 85815 at 4 (E.D. of Tex Jan 13 2025).

Normally, courts determine whether two offenses are the "same" by determining whether each requires proof of an element that the other does not. See Blockburger v. United States, 284 U.S. 299 (1932). Under the Blockburger test, the crime charged in Count I, does not contain "any" element of a title 18 U.S.C. 1349 violation. Moreover, 1349 requires a jury verdict, where the crime charged in Count I uses act in furtherance; the unit-of-offense in 1349 is the

The same as the substantive offense created under Chapter 63, and if verdict not provided at that point the definition of the offense is changed and, no court would have jurisdiction.

Title 18 U.S.C. 1349, does not authorize prosecution for Count 1.

Accordingly, Defendant provides this notice so that the court may address this defect and ensure that Count 1 is not pursued absent proof that all of the elements of a 1349 offense is charged.

Secondly, the object of Count 1 is the basis of the crime charged in Counts 2-17, that was structured to appear as violations of 18 U.S.C. 1344 and 1345.

However, no title 18 U.S.C. 1344 or 1343 is charged in the indictment.

Specifically, The "Object of Count 1" state "from in or about June 2019, and continuing through in or about October 2024, xxxx "Knowingly and willfully xxx agree to violate 18 U.S.C. 1344, bank fraud, that is to execute and attempt to execute a scheme and artifice to obtain money, funds, assets, securities, and other property owned by and under the custody and control of an insured financial institution by means of materially false and fraudulent pretenses. I have reversed the engineering of Counts 2-19, and will show in motion, that no title 18 U.S.C. 1344 or 1343 is charged in the indictment either.

By mischaracterizing the conspiracy and its elements, a structural error occurred and non-existent offense was used as catalyst of the proceedings. This is stacking construction case, requiring dismissal of the indictment.

Respectfully submitted

Riley Graham, Defendant pro-se

June 1, 2026

Dear Clerk of the Court:

Please file the enclosed in the Captioned Cause.

Thank you,

Riley Graham #54858-077
FCI Beaumont
P.O. Box 26040
Beaumont Texas 77720

(20)

Riley Graham # 54683079
Federal Correctional Institution Beaumont
P. O. Box 26040
Beaumont Texas 77720

HOUSTON TX RPDC 773
2 JUN 2026 PM 4 L



CLERK, U.S. DISTRICT COURT
RECEIVED
JUN 04 2026
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

United States District Court
300 Willow Street, Suite 104
Beaumont, Texas 77701-2217

Legal mail

77701-221729