IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:25-CR-38 |
| | § | (Judge Marcia Crone) |
| RILEY GRAHAM | § | |
| a/k/a “David Drake” (1) | § | |
| BROOKE CRAWFORD (2) | § | |
| MARK DAY (3) | § | |
| RIAN GRAHAM (4) | § | |
| TROI GRAHAM (5) | § | |
| KELLEE SIMS (6) | § | |
| RAYSEAN GRAHAM (7) | § | |
| SYLVIA SHANN (8) | § | |

# NOTICE OF GOVERNMENT’S INTENTION TO OFFER POTENTIAL 404(b) EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, by and through the United States Attorney for the Eastern District of Texas, files this notice of intent to introduce evidence that could be construed as evidence of other crimes, wrongs, and acts under Rule 404(b) of the Federal Rules of Evidence. The Government has provided fulsome discovery in this matter and defendants have not requested this formal notice.

Rule 404(b) provides that “[e]vidence of any other crime, wrong, or act is not admissible to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.” Fed. R. Evid. 404(b)(1). It may, however, be admissible for other purposes, such as proof of “motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

**A. Potential 404(b) Evidence**

The Government intends to introduce evidence, during its case-in-chief, that defendant Riley Graham, a/k/a "David Drake" (Riley Graham), was convicted of the following offenses based on conduct committed on occasions other than that charged in the second superseding indictment:

**1. Riley Graham's Prior Money Laundering Conspiracy and Convictions**

From 1991 through 1998, defendant Riley Graham was the leader of an extensive Michigan-based drug organization that utilized phony business entities as fronts to conceal the interstate transfer of drug proceeds and to make it appear that the money was legitimate income. Riley Graham also employed his family members and friends in the scheme and used various false names and identities to hide his criminal activities. In total, Riley Graham and his coconspirators laundered over $1,000,000 in proceeds from that illegal scheme.

Based on this conduct, Riley Graham was charged along with eighteen coconspirators in a five-count indictment that was returned on July 8, 2003. The coconspirators included his brother, Ozro Graham, and his then-girlfriend, Quianna Wasler. Riley Graham pleaded guilty on May 26, 2005 and was sentenced for one count of Continuing Criminal Enterprise in violation of 21 U.S.C. § 848, and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956, in docket number 00-

CR-90036-DT-01, in the United States District Court for the Eastern District of Michigan, on November 22, 2005. The term of imprisonment was 240 months.

**2. <u>Riley Graham's Prior Mortgage Fraud Conspiracy</u>**

From in or about August 2001 through 2003, Riley Graham participated in a large-scale fraud scheme in Georgia that resulted in losses of more than $30,000,000 to banks and mortgage companies. Riley Graham and coconspirators recruited "straw borrowers" to sign and submit documents to banks and mortgage companies to obtain mortgage loans. The straw borrowers were paid a fee for the use of their name and credit on the loans and were assured by Riley Graham and coconspirators that they would not be responsible for any loan payments for the loans obtained in their names. It was also part of the scheme that Riley Graham utilized the alias "Riley Williams" and a fraudulent business known as the Alcindor-Williams Group. Riley Graham used that business entity as a vehicle to perpetrate his fraud. Riley Graham also employed Quianna Wasler to create and sign false documents for him within the Alcindor-Williams Group.

Based on this conduct, Riley Graham was charged with twenty-three coconspirators in an 187-count indictment that was returned on November 13, 2006. On August 8, 2008, after a jury convicted him of all counts charged against him, Riley Graham was sentenced for one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 371 and 1343; five counts of Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2; one count of Conspiracy to Commit Fraud, False Statement on Credit Applications, and Money Laundering in violation of 18 U.S.C. § 371; one count of Mail

Fraud in violation of 18 U.S.C. §§ 1341 and 2; seven counts of Money Laundering in violation of 18 U.S.C. §§ 1957 and 2; and two counts of Money Laundering in violation of 18 U.S.C. §§ 1956 and 2 The court sentenced Riley Graham to a total term of 120 months' imprisonment to be served consecutively to his 240-month sentence in the Eastern District of Michigan. The court also recommended that Riley Graham participate in the Bureau of Prisons Financial Responsibility Program.

**2. Intrinsic Evidence of Conspiracy**

The Government also gives notice of its intent to introduce evidence of certain conduct described below that is *intrinsic* to the conspiracy in this case. It is well settled, that Rule 404(b) does not apply to other-act evidence that is *intrinsic* to the crime charged. *United States v. Williams*, 774 F. App'x 871,878 (5th Cir. 2019); *United States v. Lockhart*, 844 F.3d 501, 512 (5th Cir. 2016).

"'Other acts' evidence is intrinsic when it is inextricably intertwined with the charged offense, when both acts are part of the same criminal episode, or when the 'other act' was a necessary preliminary step toward the completion of the charged crime." *United States v. Williams*, 30 F.4th 263, 267 n.3 (5th Cir. 2022).

"Intrinsic evidence is 'admissible to complete the story of the crime by proving the immediate context of events in time and place.'" *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013) (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.), cert. denied, 519 U.S. 891 (1996)). Intrinsic evidence is also admissible to permit the jury to "evaluate all of the circumstances under which the defendant acted." *United*

*States v. Rice*, 607 F.3d 133, 141 (5th Cir.) (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)), cert. denied sub nom. *Cormier v. United States*, 562 U.S. 941 (2010); accord *Waste Mgmt. of La., L.L. C. v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019).

In this context, the Government intends to introduce, during its case-in-chief, evidence of the following crimes, wrongs, and acts that may be considered intrinsic to the conspiracy charged in Count One of the second superseding indictment:

**A. <u>Prior Attempted Acquisition of California Marihuana Dispensary</u>**

From in or about March 2018, through in or about December 2019, Riley Graham**,** a/k/a "David Drake," Brooke Crawford, and Mark Day, under the auspices of the Mildred Drake Family Trust, entered negotiations with J.H. to purchase his company, Northeastern Management Inc. d/b/a Herbal Cruz (Herbal Cruz). Herbal Cruz was a marihuana dispensary company registered under the laws of California, having its registered place of business located at 1051 41st Avenue in Santa Cruz, California. The Mildred Drake Family Trust offered to purchase and ultimately entered into an agreement to purchase Herbal Cruz at well above market value, inducing the victim company owner, J.H., to prematurely relinquish company assets and control to Riley Graham, a/k/a "David Drake," Brooke Crawford, and Mark Day.

**B. <u>Riley Graham's Use of a Cellular Phone in Prison</u>**

During the time of his incarceration in the low security correctional facility at the Bureau of Prisons Federal Correctional Complex in Beaumont, Texas (the prison), Riley

Graham used multiple cellular telephones. Also, Riley Graham was disciplined on multiple occasions for possessing cellular telephones within the prison.

The Government will provide supplementary briefing in support of the admissibility of all the evidence outlined in this notice prior to the motion deadline in this case.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

/s/ John B. Ross
John B. Ross
Assistant United States Attorney
Texas Bar No. 00788325
550 Fannin Street, Suite 1250
Beaumont, Texas 77701
John.Ross5@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was delivered to the counsel of record, via electronic filing.

/s/ John B. Ross
John B. Ross