IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>RILEY GRAHAM,<br>a/k/a David Drake,<br><br>Defendant. | No. 1:25-cr-38 |

**REPORT AND RECOMMENDATION**

Pro Se Defendant, Riley Graham, a/k/a David Drake, has repeatedly challenged the sufficiency and validity of the charges against him. *See* Dkt. # 65 (*Pro Se Motion to Dismiss*); Dkt. #67 (*Pro Se Motion to Dismiss*); Dkt. #69 (*Pro Se Second Motion to Dismiss*); Dkt. #70 (*Pro Se Motion to Declare this Matter a Complex Prosecution and Agreed Motion for Continuance*); Dkt. #83 (*Pro Se Motion for the Court to View Counts 1-15 of the Indictment as One Single Course of Conduct*); Dkt. #141 (*Pro Se Motion to Dismiss*); Dkt. #149 (*Pro Se Motion to Dismiss*). The court previously considered and rejected his challenges. *See* Dkts. #83, #166, #190. Despite the court's initial denial of his motions, Graham continues filing motions that essentially reassert the substance of his failed arguments. The following motions remain pending and are referred to the undersigned for recommended disposition:

> "Notice Regarding Count 1 Not Containing Any Element of a Title 18 U.S.C. § 1349 Violation" (Dkt. #195, construed as a *Motion to Dismiss First Superseding Indictment*[1], filed on June 4, 2026*)*;

[1] The *First Superseding Indictment* (Dkt. #119), filed on February 5, 2026, charged Graham in Counts One (Conspiracy to Commit Bank Fraud and Wire Fraud), Two-Six (Bank Fraud), Sixteen-Seventeen (Wire Fraud), and Eighteen (Conspiracy to Commit Money Laundering).

"Pro Se Motion for Continuance and Incorporated Objections to the Indictment" (Dkt. #214, filed August 7, 2026)[2];

"Pro Se Motion for the Court to Apply the Constitution that Gives a Criminal Defendant the Right to Determine the Defendant's Guilt" (Dkt. #248, filed September 10, 2026); and

"Sworn Notice Regarding Court's Lack of Jurisdiction of Second Superseding Indictment, Defendant's Motion to Dismiss Second Superseding Indictment and Continuous Fraud on the Court Committed by the Department of Justice" (Dkt. #257, filed September 15, 2026).[3]

**I. Second Superseding Indictment and Graham's Pending Motions**

On September 2, 2026, the Government returned the Second Superseding Indictment (Dkt. #225), which substantially narrows the charges against Graham and his codefendants to a single count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Unlike the First Superseding Indictment, the operative indictment no longer alleges Bank Fraud as an object of the conspiracy and does not charge any individual Bank Fraud, Wire Fraud, or Money Laundering offenses. Instead, the Second Superseding Indictment incorporates much of the conduct underlying those former charges into the factual allegations describing the manner, means, and overt acts of the alleged Wire Fraud Conspiracy. It also includes more specific factual allegations concerning the defendants, their respective roles, associated entities, bank accounts, and, in particular, Graham's alleged representations and conduct.

[2] The Docket reflects this motion is resolved, however, only Graham's *Motion for Continuance* was addressed by the court. His objections to the Indictment remain pending.

[3] Also pending are the following motions, not referred to the undersigned, that will be addressed by the District Court:

"Defendant's Motion to Declare This Matter a Complex Prosecution Involving the Existence of Novel Questions of Fact and Law and Motion for Continuance" (Dkt. #204, filed June 22, 2026); and

"Pro Se Objection to Any Jury Instructions Provided by the Government" (Dkt. #222, filed August 24, 2026).

Because the substantive Bank Fraud, Wire Fraud, and Money Laundering offenses charged in the First Superseding Indictment are no longer included in the operative indictment, the undersigned recommends denying as moot any challenge directed specifically to those former charges (Dkts. #195, #214). The undersigned nevertheless liberally construes the arguments raised before the return of the Second Superseding Indictment to the extent they bear on the sufficiency or validity of the remaining § 1349 Conspiracy charge. Graham's most recent motions (Dkts. #248 and #257) challenge the Second Superseding Indictment's sole § 1349 conspiracy count on several overlapping grounds, which the undersigned recommends denying on the merits for the reasons discussed below.

**II. Jurisdiction and "Non-Existent Conspiracy"**

Graham contends that the Government created a "non-existent conspiracy" by combining § 371 (Conspiracy), § 1349 (Conspiracy to Commit Wire Fraud), and § 1343 (Wire Fraud). From that premise, he argues that the court lacks jurisdiction. His jurisdictional challenge is without merit. Federal District Courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. The Second Superseding Indictment expressly charges a violation of § 1349, a federal criminal statute, with Conspiracy to Commit § 1343 Wire Fraud as its object. Section 3231 therefore provides subject-matter jurisdiction. Moreover, even a defect in an indictment—including the failure to allege an essential element—does not deprive the district court of subject-matter jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("defects in an indictment do not deprive a court of its power to adjudicate a case").

**III. Sufficiency of the § 1349 Charge and "Continuous Fraud Upon the Court"**

Graham maintains that the Second Superseding Indictment fails to charge a valid offense because § 1349 does not create a freestanding conspiracy offense and the indictment does not tie

the alleged conspiracy to a specific, independently chargeable Wire Fraud offense under § 1343. He seemingly contends that every element of the underlying offense must effectively appear as a separate component of the conspiracy charge. Graham also challenges the evidence presented to the grand jury, contends that the grand jurors relied on different transactions in returning the indictment, and characterizes the Government's charging theory and its description of certain business transactions as a "fraud on the court."

His arguments fail. "[A] court may not grant a motion to dismiss 'on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.'" *United States v. Burger*, No. 25-50976, slip op. at 13–14 (5th Cir. Mar. 19, 2026) (citing *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)). An indictment is sufficient if it (1) contains the elements of the charged offense, (2) fairly informs the defendant of the charge he must defend against, and (3) protects him against a subsequent prosecution for the same offense. *United States v. Masha*, 990 F.3d 436, 442 (5th Cir. 2021); *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996); *see also United States v. Wilks*, No. CR 21-63-SDD-SDJ, 2023 WL 1978903, at *2 (M.D. La. Feb. 13, 2023).

The Fifth Circuit identifies the elements of a § 1349 Wire Fraud Conspiracy as: (1) an agreement between two or more persons to commit wire fraud; (2) the defendant's knowledge of the unlawful purpose; and (3) the defendant's willful participation with the intent to further that purpose. *United States v. Simpson*, 741 F.3d 539, 547 (5th Cir. 2014); *see also United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015). Section 1349 does not require proof of an overt act. *See, e.g., Kuhrt*, 788 F.3d at 414. The Government's decision to include acts allegedly undertaken in furtherance of the conspiracy does not transform the charge into a conspiracy under § 371 or make

those factual allegations additional statutory elements. Rather, those allegations provide factual details concerning the existence, scope, and operation of the alleged agreement.

Here, Count One identifies § 1343 Wire Fraud as the object of the conspiracy, alleges that Graham and the other defendants knowingly and willfully combined, conspired, and agreed to commit that offense, and describes the alleged fraudulent scheme, its purpose, manner and means, participants, time period, and acts undertaken in furtherance of it. In considering Graham's challenge, the court is required to accept the allegations in the Second Superseding Indictment as true, *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011), and finds that the allegations sufficiently put Graham on notice of the charge and permit him to plead jeopardy in a later prosecution.

## IV. Multiplicity and Double Jeopardy

To the extent Graham challenges the Second Superseding Indictment as multiplicitous or violating the double jeopardy clause, his arguments fail. Multiplicity occurs when an indictment charges a single offense in multiple counts. *United States v. Woerner*, 709 F.3d 527, 539 (5th Cir. 2013). Here, the Second Superseding Indictment charges only one count of § 1349. Thus, it cannot be multiplicitous. For the same reason, Graham's double-jeopardy argument is unavailing. The operative indictment does not expose him to multiple punishments for the same alleged agreement, and Graham identifies no prior prosecution or attachment of jeopardy that would implicate the prohibition against successive prosecutions.

## V. Unit of Prosecution and Unanimity[4]

Graham's unit of prosecution and unanimity arguments allege that the Government combined several separate transactions and improperly packaged them into a single § 1349 Conspiracy charge. Relying on the *Blockburger* same-elements test[5], Graham argues that the Government incorporated numerous transactions within a single continuing conspiracy charge and that each alleged act should constitute its own independent offense rather than serve as an alternative basis for the conspiracy charge. According to Graham, the Government cannot take numerous wires, business transactions, EIDL applications, representations, and transfers and use all of them collectively as the object of one continuing § 1349 conspiracy.

Graham's argument does not warrant dismissal. The crux of a conspiracy charge is the agreement itself. Thus, where the Government alleges a single agreement to accomplish an unlawful objective, the existence of numerous transactions, communications, participants, or acts undertaken in furtherance of that agreement does not convert the conspiracy into multiple offenses. *See Braverman v. United States*, 317 U.S. 49, 53–54 (1942) (explaining that it is the agreement that constitutes the conspiracy and that a single agreement does not become multiple conspiracies merely because it contemplates multiple criminal acts); *United States v. Dillman*, 15 F.3d 384, 391–92 (5th Cir. 1994) ("It does not matter that a single conspiracy was comprised of several

---

[4] To the extent Graham's challenges to the First Superseding Indictment raise what he terms a "jury specification" argument, the undersigned construes that argument as asserting a lack of unanimity. (Dkt. #214 at p. 1). Any such concern is largely obviated by the Second Superseding Indictment, which charges a single § 1349 conspiracy with a single identified object—Wire Fraud. Although the jury must unanimously find each element of that charged conspiracy, it need not unanimously agree upon each particular transaction, communication, or other factual means by which the conspiracy allegedly operated. *See United States v. Dillman*, 15 F.3d 384, 391–92 (5th Cir. 1994).

[5] Under the *Blockburger* test, "[t]o determine whether two related offenses are the 'the same offense' for double jeopardy purposes, courts ask 'whether each provision requires proof of a fact which the other does not.' " *United States v. Cooper*, 38 F.4th 428, 436 n.3 (5th Cir. 2022) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)); *United States v. Martinez*, No. 6:23-CR-114-JDK, 2025 WL 1101517, at *7 (E.D. Tex. Apr. 14, 2025).

objects to which the defendant did not specifically agree to accomplish, if those acts were reasonably foreseeable.").

. Here, the Second Superseding Indictment charges one agreement to commit one identified federal offense—Wire Fraud—in violation of 18 U.S.C. § 1349. The various transactions and communications alleged in Count One describe the manner in which the conspiracy operated, but they do not constitute separate units of prosecution.

Graham's related unanimity argument fails for substantially the same reason. The jury must unanimously determine whether the Government proved the charged conspiracy, including Graham's knowing and willful participation in an agreement to commit wire fraud. It need not, however, unanimously agree upon every factual means or transaction through which the conspiracy allegedly operated. *See United States v. Sanjar*, 876 F.3d 725, 744–45 & n.7 (5th Cir. 2017) (rejecting a factual-unanimity challenge to a § 1349 conspiracy because unanimity was not required as to the alleged "manner and means," which were not elements of the conspiracy offense); *United States v. Dvorin*, 817 F.3d 438, 447–48 (5th Cir. 2016) (explaining that, where a defendant is charged with a single conspiracy, a special unanimity instruction generally is not required). Moreover, § 1349 does not require proof of an overt act, so the Government's inclusion of numerous alleged acts in the indictment does not transform those acts into separate elements upon which the jury must unanimously agree. *See United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015). Accordingly, neither the asserted unit of prosecution defect nor Graham's unanimity concerns provide a basis for dismissal of the *Second Superseding Indictment*.

**VI. Statute of Limitations**

Graham also invokes 18 U.S.C. § 3282(a), which generally requires prosecution of a noncapital federal offense within five years after the offense is committed, and argues that certain

transactions occurring in 2019 fall outside the limitations period. Dkt. #257 at pp. 9–10. His argument relies on a flawed understanding of the Second Superseding Indictment—and like every challenge made thus far—fails. Graham is not separately charged with the identified 2019 transactions. Instead, those transactions are alleged as conduct occurring during a single conspiracy under § 1349. Because § 1349 does not require proof of an overt act, the timeliness inquiry concerns whether the charged conspiracy continued into the applicable limitations period, not whether every act alleged in describing the conspiracy occurred within that period. The Second Superseding Indictment alleges that the conspiracy continued through approximately October 2024. Therefore, the inclusion of 2019 transactions do not render the conspiracy charge facially untimely.

## VII. Recommendation

The court has previously considered and rejected substantially similar challenges, and Graham's pending filings identify no materially different factual or legal basis warranting a different result. The undersigned finds that Graham has not identified a defect in the Second Superseding Indictment that warrants dismissal. For the foregoing reasons, the undersigned recommends *denying as moot* Graham's challenges to the Bank Fraud, Wire Fraud, and Money Laundering charges in the First Superseding Indictment (Dkts. #195 and #214) and *denying on the merits* his challenges to the Second Superseding Indictment (Dkts. #248 and #257).

The court further advises Graham that repeatedly filing the same challenges under different titles or formulations will not produce a different result. Although Graham is entitled to consideration of his pro se arguments, the undersigned is not required to repeatedly reconsider issues already resolved merely because Graham repackages them in subsequent filings. *See United States v. Pinkstaff*, 3 F.3d 437, 1993 WL 347086, at *2 (5th Cir. Aug. 17, 1993) (unpublished)

(observing that the defendant's successive jurisdictional and indictment challenges were repetitive and that the defendant identified "no authority that would require that the court continue to rule on duplicative motions"); *see also United States v. Brown*, 125 F.4th 1043, 1057 (11th Cir. 2025) (finding no error where the district court "st[ood] on its previous rulings" to deny defendant's "repetitive" motions because "nothing ha[d] changed to justify" dismissal.).

Defendant has been afforded an opportunity to present his objections to the Second Superseding Indictment, and those objections have been considered. Absent a materially different legal or factual basis for relief, Defendant should refrain from continuing to file motions raising the same previously rejected arguments. Absent a materially different factual or legal basis, repeated challenges to the same charges will not alter the court's analysis and may be summarily denied.

## VIII. Objections

A party who objects to any portion of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy of this *Report and Recommendation. See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). The objections must specifically identify the findings or recommendations to which objection is made and the basis for the objection. Failure to file specific, written objections within the prescribed time bars the party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).

SIGNED this 17th day of September, 2026.

Zack Hawthorn
United States Magistrate Judge