**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 |
| | § | |
| RILEY GRAHAM (1) | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Riley Graham's ("Graham") *pro se* Motion to Join Defendant Brooke Crawford's Motion for Bill of Particulars (#284). Having considered the motion, the record, and applicable law, the court is of the opinion that the motion should be denied.

I. Background

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment, naming Graham and five codefendants.[1] On February 5, 2026, a First Superseding Indictment (#111) was issued, which added two codefendants.[2] On September 2, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Second Superseding Indictment (#225), which substantially limited the charges against all eight codefendants, including Graham, to a single count of Conspiracy to Commit Wire Fraud, in

[1] The original Indictment charged Graham in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, in Counts Two through Six with Bank Fraud, in violation of 18 U.S.C. § 1344, and in Counts Seven through Thirteen with Wire Fraud, in violation of 18 U.S.C. § 1343.

[2] The First Superseding Indictment charged Graham in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, in Counts Two through Six with Bank Fraud, in violation of 18 U.S.C. § 1344, in Counts Seven through Thirteen with Wire Fraud, in violation of 18 U.S.C. § 1343, in Counts Sixteen and Seventeen with Wire Fraud, in violation of 18 U.S.C. §§ 1343, 2, and in Count Eighteen with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

violation of 18 U.S.C. § 1349. Codefendant Brooke Crawford ("Crawford") filed her Motion for Bill of Particulars on September 9, 2026 (#240). On September 25, 2026, the Government filed an Amended Notice of Penalty (#277) and Bill of Particulars (#278). Graham was arraigned on the Second Superseding Indictment by United States Magistrate Judge Zack Hawthorn on September 25, 2026. On September 28, 2026, Graham filed the pending Motion to Join Defendant Brooke Crawford's Motion for Bill of Particulars as to the Notice to Seek Criminal Forfeiture and Notice of Penalty in the Second Superseding Indictment (#284). Jury Selection and Trial are currently scheduled to begin on October 7, 2026.

II. Analysis

Graham first moves for a bill of particulars as to the Government's notice to seek criminal forfeiture and notice of penalty in the Second Superseding Indictment by joining Crawford's motion for a bill of particulars (#240). The Government filed a Bill of Particulars in response to Crawford's motion as to the criminal forfeiture (#278). Further, the Government filed an amended notice of penalty (#277). Thus, Graham's motion as to the notice to seek criminal forfeiture and notice of penalty in the Second Superseding Indictment is now moot.

Graham also moves for a bill of particulars as to further grounds that he raises throughout 20 numbered paragraphs in his motion. Graham appears to argue that a charge for conspiracy to commit wire fraud brought under 18 U.S.C. § 1349 requires a separate charge and verdict question for the substantive offense of wire fraud under 18 U.S.C. § 1343. Similarly, Graham seems to assert that the commission of wire fraud is an element of conspiracy to commit wire fraud. Such assertions, however, misconstrue the law.

A charge for conspiracy to commit wire fraud is separate and distinct from a charge for the substantive offense of wire fraud. *Pinkerton v. United States*, 328 U.S. 640, 643 (1946) ("It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses."); *United States v. Cowart*, 595 F.2d 1023, 1030 (5th Cir. 1979) ("The proposition that the commission of a substantive offense and the conspiracy to commit it are separate and distinct offenses stems from the unique dangers posed by the crime of conspiracy."); *United States v. Anderson*, 558 F. App'x 454, 461 (5th Cir. 2014) ("Section 1349 is clearly a freestanding criminal charge."); *see United States v. Bello*, No. 4:23-CR-136, 2025 WL 33465, at *4 (E.D. Tex. Jan. 6, 2025) (holding that the indictment, which only charged the defendant with violating § 1349, did properly charge him with a federal offense — conspiracy to commit wire fraud) ("[The defendant] seems to conflate the elements of wire fraud and conspiracy to commit wire fraud . . . . the Government need not allege the elements of the substantive offense . . . ."), *appeal dismissed*, No. 25-40073, 2025 WL 2965190 (5th Cir. Oct. 21, 2025); *see also United States v. Schultz*, 88 F.4th 1141, 1143 (5th Cir. 2023) (pleading guilty only to one count of conspiracy to commit wire fraud under § 1349); *United States v. Rogers*, 769 F.3d 372 (6th Cir. 2014) (charging the defendant solely for conspiracy to commit wire fraud, in violation of § 1349). A crime for conspiracy to commit wire fraud under § 1349 does not require the commission of the substantive wire fraud offense under § 1343. *United States v. Barreto*, No. SA-21-CR-00404-JKP, 2022 WL 16825189, at *2 (W.D. Tex. Nov. 8, 2022) ("Because [the defendant] is charged with conspiracy to commit wire fraud, the Government need not show he actually committed . . . acts of wire fraud, just that he conspired to do so); *United States v. Hawkins*, No. 09-CR-0293-01, 2010 WL 3002191, at *1-2 (W.D. La.

July 7, 2010) (holding that the indictment "sufficiently allege[d] a crime of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, in the absence of an allegation that the defendant actually violated the substantive offense of wire fraud") ("It is well established that acquittal on the substantive count does not foreclose prosecution and conviction for a related conspiracy" (citing *United States v. Romeros*, 600 F.2d 1104, 1105 (5th Cir. 1979))), *adopted by* No. 09-CR-0293-01, 2010 WL 3001213 (W.D. La. July 28, 2010); *see Cowart*, 595 F.2d at 1030. Instead, to prove conspiracy to commit wire fraud, the government must show beyond a reasonable doubt that: (1) two or more persons made an agreement to commit wire fraud; (2) that the defendant knew the unlawful purpose of the agreement; and (3) that the defendant joined in the agreement with the intent to further the unlawful purpose. *Sanders*, 952 F.3d at 273; *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014). While the object of the conspiracy must be the commission of wire fraud, contrary to Graham's contentions, the jury need not find that the crime of wire fraud was in fact committed. *See United States v. Ngari*, 828 F. Supp. 2d 825, 831 (M.D. La. 2011), *aff'd*, 559 F. App'x 259 (5th Cir. 2014); *Barreto*, 2022 WL 16825189, at *2; *Romeros*, 600 F.2d at 1105.

Graham further argues that § 1349 does not provide a penalty, although he acknowledges in paragraph 10 that the underlying offense that is the object of the conspiracy provides the penalty prescribed for the conspiracy. Specifically, 18 U.S.C. § 1349 states: "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Accordingly, "[§] 1349 *punishes* anyone who conspires to commit an offense under Chapter 63 of Title 18 of the United States Code [, including wire fraud,] when the commission

of the offense was the object of the conspiracy." *Ngari*, 828 F. Supp. 2d at 832 (emphasis added); *see United States v. Rogers*, 769 F.3d 372, 380 (6th Cir. 2014) (explaining that any person who conspires to commit wire fraud under § 1349 is subject to the penalty prescribed for wire fraud – 20 years). Therefore, a charge under § 1349 can support a penalty of up to 20 years for conspiracy to commit wire fraud.

Graham also raises various legal conclusions that he argues the jury must find unanimously. Such arguments are not proper at this time and are dismissed as premature.

III. Conclusion

In accordance with the foregoing, Graham's Motion to Join Defendant Brooke Crawford's Motion for Bill of Particulars (#284) is DENIED.

SIGNED at Beaumont, Texas, this 2nd day of October, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE