**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38 |
| | § | |
| RILEY GRAHAM (1) | § | |

**MEMORANDUM AND ORDER**

Pending before the court is the Government's Motion in Limine (#274). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be granted in part and denied in part.

I. Background

On June 4, 2025, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned an Indictment (#1) naming Riley Graham ("Graham") and five co-defendants. On February 5, 2026, a First Superseding Indictment (#111) was issued, which added two co-defendants. On September 9, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a single-count Second Superseding Indictment (#225) charging Graham and the seven co-defendants with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. Jury selection and trial are currently scheduled to begin on October 7, 2026.

II. Analysis

The court has inherent authority to manage the course of trials and thus rule on motions in limine. *See United States v. Logwood*, No. 3:24-CR-00017, 2025 WL 1908976, at *1 (W.D. La. July 10, 2025) (citing *Coates v. TNT Crane & Rigging, Inc.*, No. MO:22-CV-00018-DC, 2023 WL 11915701, at *1 (W.D. Tex. 2023)). A motion in limine "is not a definitive ruling on the admissibility of evidence." *7X Cattle Co., L.L.C. v. Brandstadt*, No. 6:22-cv-396-JDK, 2025

WL 2269797, at *1 (E.D. Tex. July 15, 2025); *Green Acres Baptist Church, Inc. v. Brotherhood Mut. Ins. Co.*, No. 6:23-cv-566-JDK, 2025 WL 747818, at *1 (E.D. Tex. Jan. 17, 2025); *Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (stating that "[a]ll rulings on motions in limine are preliminary evidentiary rulings [and are] not final" (citing *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3877291, at *1 (E.D. Tex. June 27, 2016))). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *7X Cattle Co., L.L.C.*, 2025 WL 2269797, at *1; *Green Acres Baptist Church, Inc.*, 2025 WL 747818, at *1; *see King v. King*, 117 F.4th 301, 306 (5th Cir. 2024); *Rojas v. Richardson*, 703 F.2d 186, 188 (5th Cir. 1983).

The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980); *see Rojas*, 703 F.2d at 189; *Smith v. China Mfrs. All. L.L.C.*, No. 2:19-CV-01111, 2025 WL 1839905, at *2 (W.D. La. July 3, 2025). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir. 2019); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Motion in limine rulings "are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner);

*United States v. Thornhill*, 940 F.3d 1114, 1121 (9th Cir. 2019); *see Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 418 (5th Cir. 2020).

"[M]otions in limine may [also] be used to secure a pretrial ruling that certain evidence is admissible." *United States v. Barefoot*, No. 3:22-CR-13-DPJ-LGI, 2023 WL 6319893, at *1 (S.D. Miss. Sept. 28, 2023) (quoting *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11-CV-58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012)); *see United States v. Zelaya*, No. 22-77, 2024 WL 4719502, at *2 (E.D. La. Nov. 8, 2024); *United States v. Kirk*, No. SA11-CR-449(2), 2013 WL 6198221, at *1 (W.D. Tex. Nov. 27, 2013) ("[T]he Government's Motion for Early Admissibility Rulings asked the Court to rule on the admissibility of certain evidence prior to trial and as such, it was, for all intents and purposes, a motion in limine.").

A. The Government's Motion in Limine

The Government's Motion in Limine contains 15 requests. The following 14 requests are granted as unopposed,[1] and Graham is prohibited from discussing, arguing, or offering any evidence about the matters set forth below without being granted leave of court outside the jury's presence:

1. Any reference or indication that the Government has filed a Motion in Limine or any other pre-trial motions;

2. Any reference to plea negotiations;

3. Any statement, motion, or request regarding discovery;

4. Any description, characterization, or articulation of the Government's burden of proof that is inconsistent with the court's instructions;

[1] The court ordered Graham to file any objections on or before 2:00 p.m. on Friday, October 2, 2026. He, however, did not file any response or raise any objections to any of the Government's requests on the record at the final status conference.

5. Any statement or argument calling for jury nullification, including encouraging the jury not to follow the law or the court's instructions, an appeal for pity for the defendant or his family, or an argument that others were not or currently are not charged with a crime;

6. Any comment about or display of a proposed defense exhibit that has not been previously supplied to counsel for the Government;

7. Any allusion to information or facts only available through the defendant's testimony, unless the defendant or standby counsel informs the court that the defendant will in fact testify;

8. Any argument or suggestion that blames the defendant's conduct on the victims' negligence;

9. Any reference or argument regarding witnesses not called by the Government or physical or documentary evidence not presented by the Government, absent a previous showing that the defense was precluded from obtaining the presence of said witness by defense subpoena for a reason other than the defendant's delay;

10. Any statement asking the jury to stand in the shoes of the defendant or his family;

11. Any reference to possible consequences of conviction, direct or collateral, for the defendant;

12. Any mention or attempt to mention the effect of the prosecution on the defendant, defendant's children, or the defendant's family;

13. Any mention or attempt to mention any speculation or suggestion as to why any alleged conspirator was indicted; and

14. Any legal argument made regarding the validity of the indictment or charge against the defendant in front of the jury.

In addition, the Government also requests that Graham be prohibited from providing narrative testimony. The court denies this request. Under Federal Rule of Evidence 611, the court has the power to "exercise reasonable control over the mode and order of examining witnesses." FED. R. EVID. 611. This includes discretion to permit *pro se* litigants to testify in narrative or question-answer form. *See United States v. Boukamp*, 105 F.4th 717, 749 (5th Cir.

2024) (citing *United States v. Rodriguez-Aparicio*, 888 F.3d 189, 196 (5th Cir. 2018)). In cases where narrative form is permitted, the court still maintains the ability to limit a witness's testimony when his arguments become "repetitive, irrelevant, and excessively confusing." *United States v. Bentson*, 220 F. App'x 643 (9th Cir. 2007) (citing *United States v. Scott*, 789 F.2d 795, 799 (9th Cir. 1986); FED. R. EVID. 403). The court denies the Government's request to prohibit Graham from testifying in narrative form and retains its discretion to control the mode and method of examining witnesses.

## III. Conclusion

Consistent with the foregoing analysis, the Government's Motion in Limine is DENIED in part as to its request to prohibit Graham's narrative testimony and is GRANTED in part as to the other 14 requests. Graham is prohibited from discussing, arguing, or offering any evidence about the matters set forth below without being granted leave of court outside the jury's presence:

1. Any reference or indication that the Government has filed a Motion in Limine or any other pre-trial motions;

2. Any reference to plea negotiations;

3. Any statement, motion, or request regarding discovery;

4. Any description, characterization, or articulation of the Government's burden of proof that is inconsistent with the court's instructions;

5. Any statement or argument calling for jury nullification, including encouraging the jury not to follow the law or the court's instructions, an appeal for pity for the defendant or his family, or an argument that others were not or currently are not charged with a crime;

6. Any comment about or display of a proposed defense exhibit that has not been previously supplied to counsel for the Government;

7. Any allusion to information or facts only available through the defendant's testimony, unless the defendant or standby counsel informs the court that the defendant will in fact testify;

8. Any argument or suggestion that blames the defendant's conduct on the victims' negligence;

9. Any reference or argument regarding witnesses not called by the Government or physical or documentary evidence not presented by the Government, absent a previous showing that the defense was precluded from obtaining the presence of said witness by defense subpoena for a reason other than the defendant's delay;

10. Any statement asking the jury to stand in the shoes of the defendant or his family;

11. Any reference to possible consequences of conviction, direct or collateral, for the defendant;

12. Any mention or attempt to mention the effect of the prosecution on the defendant, defendant's children, or the defendant's family;

13. Any mention or attempt to mention any speculation or suggestion as to why any alleged conspirator was indicted; and

14. Any legal argument made regarding the validity of the indictment or charge against the defendant in front of the jury.

SIGNED at Beaumont, Texas, this 6th day of October, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE